UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.   1:11 CR 383 |
|  | ) |  |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| TERRY MELTON, JR., | ) | <u>MEMORANDUM OPINION</u> |
|  | ) | <u>AND ORDER</u> |
| Defendant. | ) |  |

This matter comes before the Court upon Defendant, Terry Melton Jr.'s Motion for Relief Under 28 U.S.C. § 2255.  (ECF # 101).   The government filed a Response to the motion. (ECF # 103).  Mr. Melton did not file a timely Reply.  Mr. Melton claims that he is entitled to a new sentencing hearing because he was sentenced "in violation of the due process clause" according to the decision in *Rosemond v. United States, 134 S. Ct. 1240, 188 L. Ed. 2d (2014).*  This is the only grounds upon which he claims an entitlement to relief.   He also cites *Johnson v. United States*, 35 S. Ct. 2551, 2563 (2015) as a basis for his delay in filing.  *Johnson* invalidated the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), The "residual clause" defined one way a defendant's prior convictions could have qualified as "crimes of violence," which led to enhanced penalties for the defendant's current conviction.

Mr. Evan's sentence was not enhanced for any prior convictions of "crimes of violence" under the residual clause of the ACAA, the Sentencing Guidelines, or otherwise.   The *Johnson* decision and its progeny have absolutely no application to his case, or to the substantive

argument made in his § 2255 motion.

Mr. Melton's claim that his conduct was insufficient to warrant a conviction under the requirements of *Rosemond*, is both time-barred, and barred by the appellate waiver contained in his plea agreement.  Mr. Melton's judgment was entered on May 18, 2012.  He did not file a direct appeal within the allowable fourteen day period.  Under the Antiterrorism and Effective Death Penalty Act of 1996, defendants must file Section 2255 claims within one year of the finalization of the conviction.  28 U.S.C. § 2255(f).  Mr. Melton's time for filing his Section 2255 motion expired in June of 2013.  Therefore, his motion is untimely.  In addition, through his written plea agreement, which was entered knowingly and voluntarily, Mr. Melton waived his right to appeal or collaterally challenge his conviction or sentence except under specific circumstances not alleged in his motion.  (ECF # 61, ¶ 21; ECF #89).  *USA v. Morrison*, Case No. 16-5452, (6th Cir. January 25, 2017); *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012).

For these reasons, Mr. Melton's Motion for Relief Under 28 U.S.C. § 2255  (ECF # 101) is DENIED.  This case is terminated.  IT IS SO ORDERED.


    /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED:  March 22, 2017